UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY NEWSOME,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>  Defendant. | No.  2:14-cv-0616 DAD<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On April 22, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on May 4, 1998. (Transcript ("Tr.") at 10, 150-52.) Plaintiff's application was denied initially, (id. at 86-

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 9 & 10.)

89), and upon reconsideration. (Id. at 93-98.) Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on September 25, 2012. (Id. at 24-52.) Plaintiff was represented by a non-attorney representative, (id. at 26), and testified at the administrative hearing. (Id. at 25.) In a decision issued on November 28, 2012, the ALJ found that plaintiff was not disabled. (Id. at 19.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since April 22, 2011, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: mood disorder, borderline intellectual functioning, and hearing loss (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he must avoid concentrated exposure to noise; he could perform simple, repetitive tasks that do not involve high-paced production rate work; he could tolerate little to no interaction with the public; and he could occasionally interact with co-workers with no ability to perform tandem tasks.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on May 3, 1988 and was 22 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since April 22, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 10-18.)

On January 15, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's November 28, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 5, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not,

the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ erred at step three of the sequential evaluation by erroneously finding that plaintiff's impairments did not meet or medically equal Listing 12.05C. (Pl.'s MSJ (Dkt. No. 14) at 5-11.[2])

At step three of the sequential evaluation, an ALJ must consider whether a claimant has an impairment or combination of impairments so severe that it meets or medically equals an impairment included in the federal regulations' listing of disabling impairments. If so, the claimant qualifies for benefits and the sequential evaluation ends. 20 C.F.R. § 404.1520(d).

> A claimant satisfies Listing 12.05C, demonstrating "intellectual disability" and ending the five-step inquiry, if he can show: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation.

Kennedy v. Colvin, 738 F.3d 1172, 1174 (9th Cir. 2013) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C).

Here, defendant asserts that, "[w]hile Plaintiff did have functional limitation due to his impairments . . . . [t]he ALJ found that Plaintiff's IQ score was not a valid indication of his functional ability, and thus, Plaintiff was not *per se* disabled under Listing 12.05C."[3] (Def.'s MSJ

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] As noted in plaintiff's reply, defendant apparently concedes that the evidence of record established that plaintiff met the requirement of subaverage intellectual functioning manifested before age 22 and the requirement of a physical or other mental impairment imposing an additional and significant work-related limitation. (Pl.'s Reply (Dkt. No. 19) at 3.)

1  (Dkt. No. 18) at 6.) In this regard, defendant argues that, although Dr. Sidney Cormier found that
2  plaintiff had a "Performance IQ score of 70," the ALJ found that plaintiff's "mental and physical
3  functional ability were much greater than that reflected by" the IQ score. (Id. at 7.) Defendant's
4  argument is, however, misplaced in light of the fact that the ALJ never questioned the validity of
5  plaintiff's performance IQ score not provided a basis for disregarding it as he did.

6  At step three of the sequential evaluation in this case, the ALJ stated in his opinion, in
7  relevant part, as follows.

> Finally, the "paragraph C" criteria of listing 12.05 are not met. While the claimant registered a performance IQ score of 70 (Ex. 8f/6), he is quite functional both physically and mentally as discussed in Finding 4 below.

11  (Tr. at 14.) In Finding 4 of his decision, the ALJ addressed Dr. Cormier's opinion, which
12  included Dr. Cormier's findings as to plaintiff's functional limitations as well as plaintiff's
13  performance IQ testing and score. Although Dr. Cormier found that plaintiff's "test scores appear
14  to reflect valid indications of his current levels of intellectual functioning and presence or absence
15  of neuropsychological issues," the ALJ did not address or mention that finding. (Tr. at 297.)
16  Instead, the ALJ noted that Dr. Cormier opined that plaintiff would be impaired in multiple areas
17  of functioning but found that opinion "unpersuasive," because it stood in "dramatic contrast to the
18  claimant's own reports to his psychiatrist," and because the "most recent treatment notes,"
19  showed that plaintiff was stable and "able to tolerate his episodes of anger." (Id. at 17.)

20  Although the ALJ explicitly found Dr. Cormier's medical opinion as to plaintiff's
21  functional limitations to be unpersuasive, the ALJ never addressed the validity of the performance
22  IQ test conducted by Dr. Cormier or the resulting IQ score. To the contrary, the ALJ found that
23  plaintiff's severe impairments included "borderline intellectual functioning," (id. at 12), and even
24  cited to plaintiff's "low IQ scores," as evidence supporting plaintiff's subjective testimony.[4] (Id.)
25  In short, the ALJ failed to question the validity of plaintiff's performance IQ score. See Nary

---

[4] Although both the ALJ and the defendant have stated that Dr. Cormier's evaluation of plaintiff took place on September 29, 2011, the actual evaluation states that it occurred on "September 29, 2009." (Tr. at 295.)

5

1  Yang Kmbuaar v. Colvin, No. 2:13-cv-829 EFB, 2014 WL 4925211, at *6 (E.D. Cal. Sept. 25,
2  2014) ("The ALJ must, in some way, explain why an IQ score is disregarded.").

3        The court finds that the ALJ's failure to address the validity of the performance IQ test
4  score requires that this matter be remand for clarification. See Thresher v. Astrue, 283 Fed.
5  Appx. 473, 475 (9th Cir. 2008) ("But here, while the ALJ pointed to the level of Thresher's
6  functioning, she did not find that the score was invalid, and the listing does not speak to
7  functioning – it speaks only to the IQ score itself.  Thus, we remand to the Commissioner for
8  clarification regarding the nature of the considerations applied at step 3 and, particularly,
9  precisely what was decided and why.")[5]; Wallace v. Colvin, No. 2:12-cv-3075-EFB, 2014 WL
10 1096887, at *3 (E.D. Cal. Mar. 19, 2014) ("While the ALJ plainly rejected Dr. Regazzi's medical
11 opinions as to the nature of plaintiff's impairments, it is not so clear whether he also disregarded
12 the IQ score as invalid, which is the threshold question here."); Gomez v. Astrue, 695 F.Supp.2d
13 1049, 1057 (C.D. Cal. 2010) ("the ALJ cannot disregard a valid IQ simply because other evidence
14 in the record could support a finding of nondisability in the absence of such a score").

15       "On remand, the ALJ should specify whether he finds plaintiff's IQ scores to be either
16 invalid or valid, and shall explain why." Halyday v. Colvin, No. 2:12-cv-1761 KJN, 2013 WL
17 4678791, at *8 (E.D. Cal. Aug. 30, 2013).  See also Martinez v. Colvin, No. 1:14-cv-0578 SKO,
18 2015 WL 4662620, at *6 (E.D. Cal. Aug. 5, 2015) ("The ALJ entirely failed to consider the
19 second element, and there is substantial evidence in the record to support a finding that Listing
20 12.05C's second prong has been satisfied.  The ALJ should consider the relevant evidence and
21 make a determination about whether Plaintiff has satisfied this element.").  Thereafter, the ALJ
22 shall proceed with the sequential evaluation, if appropriate.

23 /////
24 /////
25 /////
26 /////

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: September 14, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\newsome0616.ord.docx

7